UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE KOFFI; and YASSINE TOUIL,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN MCALEENAN, ACTING SECRETARY OF UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KENNETH CUCCINELLI, ACTING DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; CYNTHIA MUNITA, FIELD OFFICE DIRECTOR OF THE SEATTLE SERVICE CENTER, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF HOMELAND SECURITY; AND UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | NO.<br><br>PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Agency Doc. No. 210-243-267 |

## INTRODUCTION

1. Plaintiffs Leslie Koffi, a United States citizen, and her husband, Yassine Touil, a citizen of Morocco, bring this petition for a writ of mandamus to compel defendants to adjudicate the I-130, Petition for Alien Relative that has been pending since October 12, 2011. This delay is unreasonable as a matter of law.

2. Ms. Koffi and Mr. Touil married on August 11, 2011, and jointly filed a I-130 petition and I-485, Application to Register Permanent Residence or Adjust Status on October 12, 2011, initiating the process for Mr. Touil to obtain permanent-resident status.

1

3. The couple appeared before U.S. Citizenship and Immigration Services (USCIS) on December 21, 2011, for the I-130 interview.

4. On May 23, 2011, USCIS Officers conducted a site visit to Mr. Touil's home.

5. On July 12, 2012, the couple appeared before USCIS for a second I-130 interview.

6. On May 17, 2013, USCIS sent Ms. Koffi and Mr. Touil Notices of Intent to Deny the I-130 petition and the I-485 application for permanent residence because USCIS concluded the couple had provided insufficient evidence that Ms. Koffi and Mr. Touil have a bona fide spousal relationship.

7. On June 19, 2013, Ms. Koffi and Mr. Touil, through prior counsel, provided additional supporting evidence of their marriage to USCIS.

8. On March 10, 2016, USCIS denied Plaintiff's I-130 petition finding Ms. Koffi and Mr. Touil did not meet their burden of proof in demonstrating the bona fide nature of their marriage.

9. On April 11, 2016, Plaintiffs appealed USCIS's denial of the I-130 petition to the Board of Immigration Appeals ("Board").

10. While their appeal was pending, Ms. Koffi filed a second I-130 petition on July 16, 2016, and Mr. Touil filed a second I-485 application for permanent residence on July 19, 2016.

11. On October 17, 2016, the Board remanded the record back to the Field Office Director for further consideration of the I-130 petition because the Board found Plaintiffs had provided

reasonable explanations for the inconsistencies and submitted sufficient additional evidence regarding the bona fides of their marriage.

12. On February 8, 2017, Ms. Koffi and Mr. Touil attended a third interview before USCIS, but it was rescheduled for February 26, 2017.

13. On May 10, 2017, USCIS issued a Notice of Intent to Deny the I-130 petitions. USCIS consolidated the two I-130 petitions.

14. Plaintiffs timely filed a response to USCIS on June 6, 2017, in which they provided additional evidence of their bona fide marriage. To date, USCIS has not adjudicated the I-130 petition.

15. Mr. Touil thrice went the USCIS Seattle Field Office for to INFOPASS appointments on March 12, 2019, April 16, 2019, and May 14, 2019 to inquire about the status of the application. The first two times, he was told the petition is still pending. At the last INFOPASS appointment, the officer sent the assigned officer a request for an update. To date, neither Mr. Touil or Ms. Koffi have received a case status update.

16. Ms. Koffi and her husband are prejudiced by the undue delay in the processing of this petition. USCIS has acted in bad faith in refusing to adjudicate the I-130 petition in a timely manner. Plaintiffs file this lawsuit in order to ensure that the I-130 is promptly adjudicated.

**PARTIES**

17. Plaintiff Leslie Koffi is a U.S. citizen who was born in Los Angeles, California on May 25, 1987. Ms. Koffi married Mr. Yassine Touil on August 11, 2011. The Petition for Alien

Relative (Form I-130), filed on behalf of Ms. Koffi's husband has been pending with USCIS since October 12, 2011. Ms. Koffi and her husband reside in Everett, Washington.

18. Plaintiff Yassine Touil is the husband of Ms. Koffi and the beneficiary of an I-130 petition pending with USCIS since October 12, 2011, filed by his wife on his behalf. He resides with his wife in Everett, Washington.

19. Defendant Kevin McAleenan is the Acting Secretary of United States Department of Homeland Security and is sued in his official capacity only. Defendant McAleenan is charged with the administration of the United States Citizenship and Immigration Services ("USCIS") and implementing the Immigration and Nationality Act ("INA"). 8 C.F.R. § 2.1

20. Defendant Kenneth Cuccinelli is the Acting Director of United States Citizenship and Immigration Services and is sued in his official capacity only. USCIS is the agency within the Department of Homeland Security that is responsible for adjudicating Plaintiffs' I-130 petition.

21. Defendant Cynthia Munita is the Field Office Director of the Seattle Service Center of USCIS and is sued in her official capacity only. The Seattle Service Center is charged with the adjudication of petitions filed by people living in the Seattle area. Plaintiffs' petition is currently pending at the Seattle Service Center.

22. Defendant U.S. Department of Homeland Security ("DHS") is the department within which the USCIS adjudicates petitions for alien relatives. The DHS operates within this district, with headquarters in Washington, D.C.

23. Defendant U.S. Citizenship and Immigration Services is the agency component of the DHS that adjudicates petitions for alien relatives. USCIS operates within this district, with headquarters in Washington, D.C.

## JURISDICTION AND VENUE

24. Jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1346(a)(2) in that the matter arises under the Constitution and the laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act; 5 U.S.C. § 702, the Administrative Procedure Act ("APA"); and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

25. Venue is proper in this District under 28 U.S.C. § 1391(e), because a substantial part of the events and omissions giving rise to the claim occurred in this district, and because Defendants operate within this district.

## FACTS AND BACKGROUND

26. Plaintiff Leslie Koffi is a U.S. citizen residing in Everett, Washington. She is married to Plaintiff Yassine Touil, a citizen of Morocco. Mr. Touil entered the United States on February 18, 2006, as a nonimmigrant student (F-1) with authorization to remain in the United States for the duration of status.

27. Ms. Koffi and Mr. Touil married on August 11, 2011, and jointly filed a I-130 petition on October 12, 2011 along with the requisite filing fees. Because Mr. Touil is the spouse of a U.S. citizen, visa availability is not an issue as there are no numerical limitations for

immediate relatives of U.S. citizens. 8 U.S.C. §1151(b)(2)(A)(i); INA § 201(b)(2)(A)(i). Over the course of the past 8 years, the Plaintiffs have submitted ample evidence of their bona fide marriage, including their …8 C.F.R. § 204.2(a)(1)(iii)(B). Concurrently with the filing of the I-130 petition, Ms. Koffi and her husband filed an and I-485, Application to Register Permanent Residence or Adjust Status.

28. Plaintiff Touil reported for a biometrics appointment at Defendant USCIS and was fingerprinted by USCIS.

29. Plaintiffs have attended three interviews at the Seattle Service Center. The only issue in the adjudication of the I-130 petition is whether Ms. Koffi and Mr. Touil have a bona fide marital relationship. The couple is living in a bona fide marital relationship, and there is no legitimate reason to doubt that they are living in a bona fide marital relationship.

30. However, in its most recent, Notice of Intent to Deny from May 10, 2017, Defendant Cynthia Munita, explained USCIS had identified several inconsistencies and discrepancies in Ms. Koffi and Mr. Touil's testimony.

31. In response to the Notice of Intent to Deny and in further support of the I-130 petition, Plaintiffs recounted the voluminous evidence they have submitted to establish the bona fide nature of their marriage over the past six years. Such evidence includes, but is not limited to: the marriage certificate, copies of Drivers Licenses, School IDs, apartment leases and addendums to leases, proof of a joint medical insurance policy, public utility bills, internet and cable bills, flight tickets and itineraries, Ms. Koffi's school records and tuition billing statements, affidavits from at least 24 different individuals, joint banking

statements, credit card statements, photos, vehicle registration certificates, prescription drug receipts, cashed rent check receipts, and federal tax returns for the past 4 years.

32. Plaintiffs have provided ample evidence of the bona fide nature of their marriage with their I-130 petition and at all subsequent interviews before USCIS. Defendants' refusal to timely adjudicate the I-130 petition has caused and will cause Plaintiffs great hardship.

33. Under the INA, USCIS has a clear duty and obligation to act on the Plaintiff's I-130 petition. INA § 204(a)(1)(A)(ii)

34. Plaintiffs have exhausted all administrative remedies and there are no further administrative acts Plaintiffs can take to obtain the benefits to which they are entitled.

## FIRST CAUSE OF ACTION
### Writ of Mandamus to compel officers and agencies of the United States to perform a duty owed to Plaintiffs

35. Plaintiffs re-allege and incorporate by reference, as if fully set for the here, the allegations in paragraphs 1-34 above.

36. The INA and the regulations issued pursuant to it impose on Defendants a non-discretionary, ministerial duty to adjudicate I-130 petitions for classification as an immediate relative. INA § 204(a)(1)(A)(ii); *see also* 28 U.S.C. § 1361.

37. Here, because Defendants have failed to fulfill their duty to adjudicate the Plaintiffs' I-130 petition Plaintiffs now seek a writ of mandamus to compel USCIS to adjudicate the I-130 petition.

38. Plaintiffs have brought this action because Plaintiffs have a clear right to the relief requested because Defendants have a clear duty pursuant to the Immigration and Nationality Act to adjudicate Plaintiffs' I-130 petition, and there is no other adequate remedy available.

39. Based on the foregoing, Plaintiffs are entitled to a writ of mandamus directing Defendants to adjudicate their pending I-130 petition.

## SECOND CAUSE OF ACTION
### Administrative Procedure Act, 5 U.S.C. § 706(1): Agency Action Unreasonably Delayed

40. Plaintiffs re-allege and incorporate by reference, as if fully set for the here, the allegations in paragraphs 1-34 above.

41. The Administrative Procedures Act requires agencies to "proceed to conclude a matter presented" to the agency "within a reasonable time." 5 U.S.C. § 555(b).

42. Here, Defendants have failed to adjudicate Plaintiffs' I-130 petition, which has been pending since October 12, 2011, within a reasonable time and this failure constitutes agency action "unreasonably delayed" within the meaning of 5 U.S.C. § 706(1) and denied Plaintiffs due process and equal protection of the laws guaranteed by the Fifth Amendment of the Constitution.

43. Plaintiffs have brought this action because Plaintiffs have no other means to compel Defendants to act. Plaintiffs have exhausted all available remedies.

44. Based on the foregoing, Plaintiffs are entitled to an order directing Defendants to adjudicate Plaintiffs' I-130 in accordance with the APA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the Court to grant the following relief:

A. Issue a writ of mandamus ordering Defendants to adjudicate Plaintiffs' I-130 petition on or before 60 days from the filing of this complaint, or within a reasonable period of time determined by this Court.

B. Declare that Defendants' continued failure to adjudicate Plaintiff's I-130 constitutes unreasonably delayed agency action

C. Retain jurisdiction during the adjudication of the I-130 petition in order to ensure compliance with the Court's orders.

D. Award reasonable attorneys' fees and costs for this action; and

E. Grant such other relief as the Court may deem just and proper.

Dated: June 18th, 2019

Carol L. Edward
Attorney